UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


NANCY J. WILKINS,                  :    CIVIL NO. **1:05-CV-0453**
                                   :
            Plaintiff              :    (Judge Caldwell)
                                   :
        v.                         :    (Magistrate Judge Smyser)
                                   :
JO ANNE B. BARNHART,               :
Commissioner of                    :
Social Security,                   :
                                   :
            Defendant              :


### REPORT AND RECOMMENDATION


The plaintiff has brought this civil action under the authority of 42 U.S.C. § 405(g) to obtain judicial review of the decision of the Commissioner of Social Security denying the claim of the plaintiff for Social Security disability insurance benefits.


On December 9, 2002, the plaintiff, Nancy J. Wilkins, applied for disability insurance benefits.  She claimed that she became disabled on November 26, 2002, as the result of hepatitis C, chronic low back pain and leg pain.  The claim

was denied initially and on reconsideration.  The plaintiff

filed a request for a hearing, and a hearing was held before an

administrative law judge (ALJ) on August 18, 2004.  Tr. 232-

268.

     At this hearing the plaintiff and a vocational expert

testified.   The plaintiff, 48 years old, stated in material

substance that she had stopped working on November 26, 2002.

She had worked as a licensed practical nurse.  She quit working

because she had back pain.  She also has leg pain.  Her level

of pain is constant.  It is not improved by rest or lying down,

but Norcol helps to ease the pain for a while.  Her hepatitis C

has affected her breathing, causes her to be nauseous and

fatigued.  She also is depressed.  She avoids socializing and

spends time alone in her bedroom.  Her fiancee' and his

children perform most household chores.  Her sleeping is

irregular.  She has poor concentration and does not read.

     A vocational expert stated that the plaintiff, if

limited to sedentary work, in consideration of her vocational

factors could work as a telephone receptionist, as an assembler

2

or as a video monitor.  If her testimony were wholly credited, however, then she could not perform substantial gainful activity.

On November 1, 2004, the ALJ issued her decision denying the plaintiff benefits.  Tr. 13-21.  The Appeals Council denied the plaintiff's request for review (Tr. 4), making the ALJ's decision the final decision of the Commissioner.

The plaintiff filed her complaint with this court on March 2, 2005.  The defendant filed an answer to the complaint and a copy of the administrative record on May 3, 2005. Pursuant to Local Rules 83.40.4 and 83.40.5, the plaintiff filed her brief on August 1, 2005 and the defendant filed her brief on August 23, 2005.   No reply brief has been filed.

If the Commissioner's decision is supported by substantial evidence it must be affirmed. 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a

3

conclusion." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)(quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995). Substantial evidence is more than a mere scintilla of evidence but less than a preponderance. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

A single piece of evidence is not substantial evidence if the Commissioner ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). However, in an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the decision] from being supported by substantial evidence." *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 620 (1966).

To facilitate review of the Commissioner's decision under the substantial evidence standard, the Commissioner's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests." *Cotter v. Harris*,

4

642 F.2d 700, 704 (3d Cir. 1981).  Conflicts in the evidence

must be resolved and the Commissioner must indicate which

evidence was accepted, which evidence was rejected, and the

reasons for rejecting certain evidence. *Id*. at 706-707.  In

determining if the Commissioner's decision is supported by

substantial evidence the court must scrutinize the record as a

whole.  *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981).

The Commissioner has promulgated regulations creating a

five-step process to determine if a claimant is disabled.  The

Commissioner must sequentially determine: (1) whether the

claimant is engaged in substantial gainful activity; (2)

whether the claimant has a severe impairment; (3) whether the

claimant's impairment meets or equals a listed impairment; (4)

whether the claimant's impairment prevents the claimant from

doing past relevant work; and, (5) whether the claimant's

impairment prevents the claimant from doing any other work.

*See* 20 C.F.R. §404.1520 and 20 C.F.R. §416.920.

The disability determination involves shifting burdens

of proof.  The initial burden rests with the claimant to

5

demonstrate that she is unable to engage in her past relevant work.  If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform.  *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).

In this case the ALJ determined that the plaintiff has not engaged in substantial gainful activity since the alleged onset date, that she has an impairment that is severe, that her impairments do not meet or equal any listed impairments, and that she is not able to perform her past relevant work.  The ALJ further determined that the plaintiff has the residual functional capacity[1] to perform unskilled sedentary work and to perform jobs identified by the vocational expert.

On the basis of these findings, the ALJ found the plaintiff not to be disabled.

---

1.
"Residual Functional Capacity" is "that which an individual is still able to do despite the limitations caused by his or her impairment(s)."  *Burnett v. Commissioner of Social Security Adm.,* 220 F.3d 112, 121 (3d Cir. 2000) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999)).

The plaintiff argues that the ALJ erred in failing to give special significance to the opinion of a treating physician, Dr. Thomas Yaeger, that the ALJ failed to properly address her testimony concerning her usual daily activities and her testimony concerning her pain, and that the ALJ failed to consider her combination of impairments in the hypothetical questions to the vocational expert and failed to develop the record as to her mental impairments.

The first argument is based upon the fact that Dr. Yaeger stated his opinion that the plaintiff could sit for less than six hours in an eight hour day and that the ALJ found that she can sit for about six hours in an eight hour day. Tr. 216. Since the ALJ found a residual functional capacity for sedentary work and because the definition of sedentary work does not involve a particular minimum sitting requirement in an

eight hour day,[2] the plaintiff's first argument does not have merit.

The second argument is that the ALJ failed to address her testimony about her daily activities. The ALJ has not stated an inference adverse to the plaintiff based upon a consideration of her daily activities, however. The ALJ summarized the plaintiff's testimony about her daily activities, Tr. 17, and found her activities of daily living to be "fairly minimal," Tr. 18, although she did not find the plaintiff's restricted lifestyle to be attributable to her impairments. The ALJ did find a perception of pain on the plaintiff's part necessitating a limitation to simple, unskilled jobs. The ALJ had to assess credibility and did not reject the plaintiff's perceptions of pain. The vocational

---

2. 20 CFR Section 404.1567(a):
   *Sedentary work.* Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

expert had testified that factoring in the plaintiff's perceptions of pain she could not work.  The ALJ said that she did not find that the subjective complaints of the plaintiff are fully credible, but did say that conceding the plaintiff's perceptions of pain the plaintiff is limited to jobs requiring low levels of concentration.  Tr. 18.

     The plaintiff asserts that the ALJ rejected her testimony.  We do not find that to be the case.  The ALJ did explain why he considered the level of pain not to be so great that substantial gainful activity is precluded - that the plaintiff was not ever seen by an orthopedic specialist, had not required emergency care and had not gone to a pain management specialist.  The plaintiff in her brief does not in our view present persuasive reasons why these factors upon which the ALJ relied were not relevant and reasonably probative on the issue of the severity of the pain in relationship to and in the context of the question whether the pain precludes substantial gainful activity.

The plaintiff argues that the ALJ erred in not considering her impairments in combination in the hypothetical questions to the vocational expert.  A hypothetical question to a vocational expert must, if the answer to the question is to be probative, accurately describe the characteristics and limitations of the claimant in the case.  *Burns v. Barnhart*, 312 F.3d 113 (3d Cir. 2002).  The hypothetical question here referred to the plaintiff's hepatitis C, back pain and leg pain, mild COPD, anxiety, depression and fatigue.  Tr. 265. The plaintiff argues that the hypothetical question did not incorporate all disabilities, but none appears to be mentioned at Doc. 9, p.14 that was not mentioned in the ALJ's hypothetical question.  Moreover, the plaintiff's argument of committed impairments is stated generally and does not specify the ALJ's material omission(s).

The plaintiff argues that the ALJ should have required testing to determine the extent of the plaintiff's depression. The ALJ did make inquiry of the plaintiff about her depression. Tr. 246-248.  The plaintiff has not presented a reasoned basis

for a contention that the ALJ should have done more to find out

more about mental impairment(s).


        It is recommended that the plaintiff's appeal be denied

and that the file be closed.


                                    _____/s/ J. Andrew Smyser__
                                       J. Andrew Smyser
                                       Magistrate Judge

DATED: October 3, 2005.