```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| NANCY J. WILKINS, | : | |
|     Plaintiff | | |
| | : | |
| vs. | : | CIVIL NO. 1:CV-05-0453 |
| JO ANNE B. BARNHART, | : | (Judge Caldwell) |
| Commissioner of Social | | |
| Security Administration, | : | (Magistrate Judge Smyser) |
|     Defendant | | |

<u>O R D E R</u>

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This is an action under 42 U.S.C. § 405(g) to review the decision of Defendant, the Commissioner of the Social Security Administration, denying Plaintiff's application for disability insurance benefits under the Social Security Act.  We are considering Plaintiff's objections to the Report and Recommendation of the United States Magistrate Judge which recommends that we deny her appeal.

The Plaintiff, Nancy J. Wilkins, raises four objections to the Magistrate Judge's report.  Plaintiff's first objection is that the Magistrate Judge erred in determining that the  Administrative Law Judge's (ALJ) finding that Wilkins' could sit for six hours in an eight hour day was not erroneous. The Plaintiff argues that the ALJ should have given greater

weight to the opinion of Dr. Yeager, Wilkins' treating physician, who indicated that the Plaintiff could sit for less than six hours in an eight hour day. As noted by the Magistrate Judge, however, there is no minimum sitting requirement for a finding that one is capable of sedentary work. *See* 20 C.F.R. § 404.1567(a). Further, the Plaintiff has not identified any evidence in the record that supports Dr. Yeager's assessment. The record shows, as noted by the ALJ, that there is no objective medical evidence to support Wilkins' complaints of back pain. While there is plenty of evidence that the Plaintiff has been perceiving severe pain, the ALJ more than adequately explained her reasons for finding the Plaintiff to be less than fully credible. Finally, Dr. Yeager's assessment of Plaintiff's ability to sit for less than six hours was made on a medical source statement form. (Tr. 216). The difficulty with these forms, however, is that they are basically checklists and short fill-in-the-blank questions. "[W]hile these forms are admissible, they are entitled to little weight and do not constitute 'substantial evidence' on the record as a whole." *O'Leary v. Schweiker*, 710 F.2d 1334, 1341 (3d Cir. 1983)(citation omitted). While the form submitted by Dr. Yeager is admissible, it is not entitled to the weight that the Plaintiff would have us afford it.

The second objection raised by Wilkins is that the Magistrate Judge erred in finding that the ALJ had properly addressed the Plaintiff's subjective complaints.  Plaintiff maintains that the ALJ ignored medical records that support the Plaintiff's claims of severe back pain and gave no consideration to the Plaintiff's subjective complaints.  Contrary to Wilkins' assertions, there is no *objective* medical evidence to support her claims.  *See Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999)("Allegations of pain and other subjective symptoms must be supported by objective medical evidence.").  Even in the absence of objective medical evidence to support the Plaintiff's claims, the ALJ did consider her subjective complaints in rendering a decision but found that Wilkins' was not fully credible.  The ALJ noted that Plaintiff has never sought treatment for her pain, other than medication, and that her limitations in daily living are self-imposed.  Further, the ALJ limited the Plaintiff to unskilled jobs based on her testimony.  Thus, we cannot find that the ALJ failed to give adequate consideration to Wilkins' testimony.

Wilkins' third objection is clearly without merit. Plaintiff contends that the ALJ should have included her depression in the hypothetical question posed to the Vocational Expert.  However, the ALJ included depression in her hypothetical question.  (Tr. 265).

Plaintiff's final objection is that the Magistrate Judge erred by finding that the ALJ did not need to further develop the record with regard to Wilkins' mental impairments. Plaintiff is correct that the ALJ has "a duty to develop a full and fair record in social security cases." *Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995). This is duty is "heightened" when a claimant is unrepresented. *Livingston v. Califano*, 614 F.2d 342, 345 (3d Cir. 1980). In the instant case, Plaintiff was represented before the ALJ. "Accordingly,...counsel was responsible for ensuring that the ALJ was aware of any facts favorable to [Wilkins'] claim for benefits." *Turby v. Barnhart*, 54 Fed. Appx. 118, 122 (3d Cir. 2002)(non-precedential)(citing 20 C.F.R. § 404.1740(b)(1)). Additionally, the ALJ did consider the evidence of depression that was before her. Specifically she considered: (1) that the Plaintiff had resisted Dr. Yeager's recommendation to seek help from a mental help professional until August 3, 2004, even though she exhibited some symptoms of depression; (2) Wilkins' answers to the ALJ's questions regarding her mental health; and (3) that although the Plaintiff saw Dr. Lichtenstein regarding her mental health issues on August 30, 2004, she never followed-up with him.[1] (Tr. 15, 17-8). Wilkins' has not shown that the record is in anyway

---

[1] We note that Plaintiff's hearing before the ALJ was on August 18, 2004.

4

insufficient with regard to evidence of her mental impairments. *See* 20 C.F.R. 404.1519a(b)(providing that a consultative exam can be ordered when the "evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on [a claimant's] claim.").

   AND NOW, this 29th day of December, 2005, upon consideration of the Report of the United States Magistrate Judge (Doc. 11), dated October 3, 2005, Plaintiff's objections thereto, and an independent review of the Record, it is Ordered that the Magistrate Judge's Report is adopted.  It is further Ordered, pursuant to the Magistrate Judge's recommendation, that Plaintiff's appeal is denied.  The Clerk of Court shall close the file.

            <u>/s/William W. Caldwell</u>
            William W. Caldwell
            United States District Judge